UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-10310-RGS

REV-LYN CONTRACTING COMPANY

v.

PATRIOT MARINE, LLC, ROBERT J. LOCKYER, and
HUGH FARRELL

MEMORANDUM AND ORDER ON DEFENDANTS' MOTION FOR
RECONSIDERATION

February 8, 2011

STEARNS, D.J.

Defendants' Motion for Amendment to Findings of Fact and Conclusions of Law and Entry of New Judgment and/or Motion for Reconsideration of Amended Judgment (Dkt # 53) will be denied. The court construes the motion as one for reconsideration pursuant to Fed. R. Civ. P. 59(c).[1]

"The granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006), quoting 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995). "[A] party may not, on a motion for reconsideration, advance a new argument that could (and should) have been presented prior to the district court's original ruling." Cochran v. Quest Software, Inc., 328 F.3d 1, 11 (1st Cir. 2003). The moving party must "'either clearly establish a manifest error of law or must present newly discovered

---

[1] Rule 60(b)(6) applies only when none of the other provisions of Rule 60 are apt and when "extraordinary circumstances" justify an otherwise inordinate delay. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993). Delay is not an issue in this instance as the motion was filed within the 28 days permitted by Rule 59(b).

evidence.'" Pomerleau v. W. Springfield Pub. Schs., 362 F.3d 143, 146 n.2 (1st Cir. 2004), quoting FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992).

Here, defendants have pointed to no errors of law or new evidence that would cause the court to reconsider its findings and rulings. Defendants either recycle arguments that were made at trial or in the pleadings prior to trial, or they raise an issue that could have been made at or subsequent to the trial but was not, namely, the reasonableness of plaintiff's attorney's fee request.[2] This was not an issue disputed or even raised at trial where the issue tried was the amount of the damages Rev-Lyn was entitled to recover. The issue was thus waived.[3]

## ORDER

For the foregoing reasons, defendants' motion is DENIED. The court will entertain an application from plaintiff's counsel for the reasonable costs of opposing the motion.

SO ORDERED.

/s/ Richard G. Stearns

_____

---

[2]The only substantive discussion defendants advance regarding the law is their disagreement with the court's reading of the exception The Amiable Nancy, 3 U.S. 546, 560 (1818), provides to the rule of The Umbria, 166 U.S. 404, 421-422 (1897) (with which defendants otherwise agree). This was an issue developed at trial and in the post-trial requests for rulings and is not "new." Nor in the court's judgment, was its reading of The Umbria manifestly wrong.

[3]Moreover, the award of attorney's fees was based on the parties' contract, not on a fee-shifting statute. Thus, fee-shifting principles like "prevailing party" on which defendants rely that are extracted from case law governing fee-shifting statutes have no relevance to an award of fees under a private contract. N. Assocs., Inc. v. Kiley, 57 Mass. App. Ct. 874, 878 (2003).

2

UNITED STATES DISTRICT JUDGE